UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America and United States Department of Agriculture, ) ) ) | Civil Action No.: 4:17-cv-01556-RBH |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER** |
| Germanique Chatman and Harry Montgomery, ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. *See* R & R [ECF No. 19]. The Magistrate Judge recommends that the Court deny Defendant Harry Montgomery's motion to strike, grant Plaintiffs' motion to remand, and remand this matter to state court. R & R at p. 9. The Magistrate Judge further recommends that the Court entertain Plaintiffs' request for attorney fees and costs. *Id.*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R, and the time for doing so has expired.[1] In the

---

[1] Plaintiff's objections were due by August 14, 2017. *See* ECF Nos. 19 & 20.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the R & R [ECF No. 19] of the Magistrate Judge. Accordingly, the Court **DENIES** Defendant Montgomery's motion to strike [ECF No. 11], **GRANTS** Plaintiffs' motion to remand [ECF No. 9], and **REMANDS** this matter to the Court of Common Pleas for Williamsburg County, South Carolina.[2] The Court **DIRECTS** the Clerk to mail a certified copy of this Order and the R & R to the clerk of the Williamsburg County Court of Common Pleas.

In the event that Plaintiffs still seek attorney fees and costs, they should file a supporting affidavit **within five (5) days** of the date of this Order.[3]

**IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>August 25, 2017 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |

---

[2] Consistent with the Magistrate Judge's recommendation, this remand is without prejudice to Defendant Montgomery's right to file responses to any of the state-court plaintiffs' filings in the state court. *See* R & R at 9.

[3] The Court retains jurisdiction after remand to consider an award of attorney fees and costs. *See Williamsburg Plantation, Inc. v. Bluegreen Corp.*, 2007 WL 445289, at *2 (E.D. Va. Feb. 5, 2007) (collecting cases and explaining a district court "retains jurisdiction [after remand] over collateral matters such as awards of costs and attorney's fees").